# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8158 | **DATE** | 6/8/2001 |
| **CASE TITLE** | US ex rel. Claude McGee vs. Thomas F. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The request for a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 1 1 2001 |
| ✓ | Docketing to mail notices. | | date docketed |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN -8 PM 2:04 | docketing deputy initials |
| SCT | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 13

**DOCKETED**
JUN 1 1 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. CLAUDE McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 8158 |
| | ) | |
| THOMAS F. PAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Claude McGee's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). For the reasons set forth below, the motion is denied.

### DISCUSSION

Claude McGee, a prisoner of the Illinois Department of Corrections, moves the Court to issue a certificate of appealability from our denial of his petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2253(c)(1), no appeal may be taken from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court unless a circuit justice or judge issues a certificate of appealability. A certificate of appealability under this section may issue only if the

applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

McGee has not made such a showing in this case. McGee argued on habeas that the trial court should have suppressed evidence of statements he allegedly made under custodial interrogation. At the hearing on his motion to suppress, McGee testified that police officers ignored his repeated requests for an attorney and continued to interrogate him in violation of his Fifth Amendment right to remain silent. The police officers testified that McGee had made the incriminating statements voluntarily and had not requested an attorney. The sole question raised by McGee's habeas petition was whether the trial court should have drawn an adverse inference from the prosecution's failure to call a third witness, Attorney General Thomas Rieck, to refute McGee's testimony about the circumstances surrounding the alleged custodial confession.

We found no constitutional error in the state trial and appellate courts' refusal to attribute significance to the state's failure to call Rieck. McGee cited no clearly established federal law requiring the adverse inference he suggested. See 28 U.S.C. § 2254(d)(1). The two cases on which he did rely were clearly inapposite, as discussed in our April 25, 2001, Memorandum Opinion denying the petition. The Court was therefore left with the presumption that the trial court's assessment of the witnesses'

credibility was correct. See § 2254(d); Armstrong v. Young, 34 F.3d 421, 426-27 (7th Cir. 1994). We are unconvinced that this issue is debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the question is adequate to deserve encouragement to proceed further. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383 (1983). Accordingly, we find that McGee has failed to make a substantial showing of the denial of a constitutional right. His motion for a certificate of appealability under § 2253(c) is therefore denied.

## CONCLUSION

For the foregoing reasons, the motion for a certificate of appealability is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: June 8, 2001